Case 4:21-cv-00891-ALM   Document 4   Filed 11/08/21   Page 1 of 9 PageID #:  62

FILED
10/7/2021 1:25 PM
Kelly Ashmore
District Clerk
Grayson County

CAUSE NO.: CV-21-1295

| | | |
|---|---|---|
| **AIG PROPERTY CASUALTY COMPANY, AS SUBROGEE OF DG RANCH, LTD. and DONALD & CARMINE GODWIN** | § § § § § § § § § § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | | Grayson County - 15th District Court |
| v. | | _____ **JUDICIAL DISTRICT** |
| **BOSCH THERMOTECHNOLOGY CORP.** | | |
| **Defendant.** | | **GRAYSON COUNTY, TEXAS** |

### PLAINTIFF'S INITIAL PETITION

COMES NOW, the Plaintiff, AIG PROPERTY CASUALTY COMPANY, as subrogee of DG RANCH, LTD. and DONALD & CARMINE GODWIN, by and through its undersigned counsel, and complains of Defendant, BOSCH THERMOTECHNOLOGY CORP., for cause of action and would respectfully show the Court as follows:

### I.
### DISCOVERY

Pursuant to Rules 190.1 and 190.4 of the *Texas Rules of Civil Procedure*, notice is hereby given to the Court and the parties that the discovery to be completed in this case is intended to be conducted under Level Three of the stated rules unless otherwise ordered by the Court.

### II.
### PARTIES, VENUE, AND JURISDICTION

1. At all times relevant, AIG Property Casualty Company, hereinafter "AIG," was a foreign corporation engaged in the insurance business, and is authorized to

transact business and has transacted business in the State of Texas. AIG issued policy number 0060732067 to DG Ranch, Ltd. and Donald & Carmine Godwin, hereinafter collectively referred to as "DG Ranch," which included coverage for the property located at 17970 FM 121, Gunter, Texas 75058, hereinafter referred to as the "Subject Property." A copy of the policy is incorporated herein by reference.

2. Defendant BOSCH THERMOTECHNOLOGY CORP., hereinafter referred to as "Bosch," is a foreign corporation organized and doing business in the State of Delaware, with its principal place of business located at 65 Grove Street, Watertown, Massachusetts 02472.

3. Venue of this suit is proper in Grayson County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, for the reason that the occurrence giving rise to this lawsuit took place in Grayson County, Texas, and the property that is the subject of this lawsuit is also located in Grayson County, Texas.

4. The Court has jurisdiction over the Defendant Bosch for the reason that at the time this cause of action occurred, Defendant manufactured or otherwise introduced its product into the stream of commerce with the intent that it be distributed through the United States, including Grayson County, Texas. The Court has jurisdiction over the controversy for the reason that the damages sued for are within the jurisdictional limits of this Court.

## III.
## SERVICE

5. Defendant Bosch may be duly served with Citation through its Registered Agent:

Bosch Thermotechnology Corp.

      c/o Corporation Service Company, Registered Agent
      251 Little Falls Drive
      Wilmington, DE 19808

## IV.
## FACTS

6. Plaintiff AIG incorporates the foregoing paragraphs by reference as though fully set forth herein.

7. At all times relevant hereto, pursuant to the insurance policy incorporated by reference, AIG provided coverage for the Subject Property.

8. On or about August 21, 2020, the Geothermal Heating and Cooling System (hereinafter "Geothermal System") at the Subject Property failed, and caused damage to the property insured by AIG.

9. The Geothermal System was equipped with a heat pump that was manufactured by Defendant Bosch.

10. On or about August 21, 2020, the heat pump, which was manufactured by the Defendant, failed, and resulted in the damages complained of in this petition.

11. As a result of the damages caused by the Defendant's defective product, and pursuant to the insurance policy incorporated herein by reference, AIG was required to, and did in fact, issue payment to or on behalf of DG Ranch in the amount of $197,889.46.

12. As a matter of law and equity, as a result of payments issued, and the terms of the insurance policy incorporated by reference, AIG is now subrogated to the legal rights of DG Ranch to the extent of those payments issued to or on behalf of DG Ranch as a result of the damages incurred.

## V.
## COUNT ONE – STRICT PRODUCT LIABILITY

13. Plaintiff AIG incorporates the foregoing paragraphs by reference as though fully set forth herein.

14. As the manufacturer and distributor of the heat pump, Bosch owed a duty to consumers, like DG Ranch, to manufacture and distribute its product in a reasonable and safe condition, free from defects, and in accordance with industry standards so that the product would not fail, and damage property of consumers.

15. Bosch breached its duty owed to consumers, like DG Ranch, when it failed to manufacture and distribute the heat pump in a reasonable, safe manner, and free from defects, and not in accordance with industry standards, so its product would not fail and cause water damage, as it did on August 21, 2020.

16. It was foreseeable to Bosch, or reasonably should have been foreseeable to Bosch, that if Bosch manufactured and distributed the heat pump in an unreasonable unsafe, and defective condition, not in accordance with industry standards, the heat pump would fail and cause property damage, as it did on August 21, 2020.

17. At the time of the water event at the Subject Property, the heat pump was in the same condition as it was at the time it left the care, custody, and control of the Defendant.

18. The unreasonable, unsafe, and defective condition was not known to DG Ranch, and could not have been known by DG Ranch based upon a reasonable and prudent inspection of the Defendant's product.

19. As a direct, proximate, and foreseeable result of Bosch's breach of its duties owed to consumers, like DG Ranch, the heat pump manufactured by the Defendant failed, and caused significant damage to the Subject Property.

20. As a direct, proximate, and foreseeable result of the property damages caused by the failure of the heat pump manufactured by the Defendant, and pursuant to the insurance policy incorporated herein by reference, AIG issued payments to or on behalf of DG Ranch, in the amount of One Hundred Ninety-Seven Thousand Eight Hundred Eighty-Nine Dollars and Forty-Six Cents ($197,889.46).

21. In addition to the damages for which AIG issued payment, AIG's insureds sustained uninsured damages by way of the $25,000.00 deductible.

22. In accordance with common law principals of equitable and/or legal subrogation, as well as the terms of the policy, AIG is subrogated to the rights of DG Ranch to the extent of AIG's payments in compensation for the aforementioned damage pursuant to the insurance policy incorporated herein by reference.

## COUNT TWO – NEGLIGENCE

23. Plaintiff AIG incorporates the foregoing paragraphs by reference as though fully set forth herein.

24. As the manufacturer and distributor of the heat pump, Bosch owed a duty to consumers, like DG Ranch, to manufacture and distribute its product in a reasonable and safe condition, free from defects, and in accordance with industry standards so that the product would not fail, and damage property of consumers.

25. Bosch breached its duty owed to consumers, like DG Ranch, when it failed to manufacture and distribute the heat pump in a reasonable, safe manner, and free from

defects, and not in accordance with industry standards, so its product would not fail and cause water damage, as it did on August 21, 2020.

26. It was foreseeable to Bosch, or reasonably should have been foreseeable to Bosch, that if Bosch manufactured and distributed the heat pump in an unreasonable unsafe, and defective condition, not in accordance with industry standards, the heat pump would fail and cause property damage, as it did on August 21, 2020.

27. At the time of the water event at the Subject Property, the heat pump was in the same condition as it was at the time it left the care, custody, and control of the Defendant.

28. The unreasonable, unsafe, and defective condition was not known to DG Ranch, and could not have been known by DG Ranch based upon a reasonable and prudent inspection of the Defendant's product.

29. As a direct, proximate, and foreseeable result of Bosch's breach of its duties owed to consumers, like DG Ranch, the heat pump manufactured by the Defendant failed, and caused significant damage to the Subject Property.

30. As a direct, proximate, and foreseeable result of the property damages caused by the failure of the heat pump manufactured by the Defendant, and pursuant to the insurance policy incorporated herein by reference, AIG issued payments to or on behalf of DG Ranch, in the amount of One Hundred Ninety-Seven Thousand Eight Hundred Eighty-Nine Dollars and Forty-Six Cents ($197,889.46).

31. In addition to the damages for which AIG issued payment, AIG's insureds sustained uninsured damages by way of the $25,000.00 deductible.

32. In accordance with common law principals of equitable and/or legal subrogation, as well as the terms of the policy, AIG is subrogated to the rights of DG Ranch to the extent of AIG's payments in compensation for the aforementioned damage pursuant to the insurance policy incorporated herein by reference.

## VI.
## DAMAGES

33. Plaintiff AIG incorporates the foregoing paragraphs by reference as though fully set forth herein.

34. Plaintiff hereby asserts its claim for reimbursement of damages in connection with the foregoing. As a result of the payments made by AIG to or on behalf of DG Ranch pursuant to the insurance policy incorporated herein by reference, AIG is now subrogated to the legal rights of DG Ranch, and is entitled to reimbursement of the monies paid to DG Ranch.

35. Plaintiff now asserts its claim for reimbursement from Defendant for the damages it was obligated to pay to DG Ranch pursuant to the aforementioned insurance policy as a result of the improper actions of the Defendants. After allowing for all just and lawful offsets, payments, and credits, Defendant continues to be indebted to Plaintiff in at least the amount of One Hundred Ninety Seven Thousand Eight Hundred Eighty-Nine Dollars and Forty-Six Cents ($197,889.46).

36. In addition to the damages for which AIG paid, AIG's Insureds sustained uninsured damages of $25,000.00 by way of its deductible, for which the Plaintiff seeks reimbursement herein.

37. All conditions precedent to Plaintiff's recovery from Defendant have been performed or have occurred as required.

## VII.
## REQUEST FOR DISCLOSURE

Plaintiff requests that Defendant discloses within fifty (50) days of the service of this Petition and request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure. Such material is to be produced at the law office of Butler Weihmuller Katz Craig LLP, Mail Center: 400 North Ashley Drive, Suite 2300, Tampa, Florida 33602.

## VIII.

## NOTICE PURSUANT TO RULE 193.7

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiff hereby provides notice to Defendant of Plaintiff's intent to utilize all documents and tangible things produced by Defendants in response to discovery, including all deposition exhibits and documents obtained by oral, video and written question depositions in any pretrial proceeding or at trial.

## PRAYER

WHEREFORE, AIG Property Casualty Company, as subrogee of DG Ranch, respectfully demands judgment against Defendant BOSCH THERMOTECHNOLOGY CORP., in the amount of Two Hundred Twenty-Two Thousand Eight Hundred Eighty-Nine Dollars and Forty-Six Cents ($222,889.46), pre-judgment interest, post-judgment interest, costs, and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

*[signature]*

        GEORGE A. MCMULLIN, ESQ.
Texas Bar No.:  24096738
gmcmullin@butler.legal
RYAN J. REYNOLDS, ESQ.
Texas Bar No.:  24110268
rreynolds@butler.legal
Mail Center:  400 N. Ashley Drive, Suite 2300
                Tampa, Florida  33602
Telephone:    (469) 857-7870
Facsimile:    (214) 812-9226
*Attorneys for Plaintiff, AIG Property Casualty Company, as subrogee of DG Ranch, Ltd. and Donald & Carmine Godwin*